UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARIAN MARTIN, ET AL.,

                Plaintiffs,

- against -

BANK OF AMERICA, N.A., ET AL.,

                Defendants.
---------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 02350 (ILG) (SMG)

GLASSER, Senior United States District Judge:

        Plaintiff mortgagors (collectively "Plaintiffs") bring this action against their mortgage originators and servicers (collectively "Defendants"), alleging ten claims: breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraudulent concealment, fraud, unjust enrichment, fraud in the inducement, violation of 29 state consumer-protection statutes (each Plaintiff alleges the violation of only the statute of the state in which he or she resides), violation of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Defendants move to sever the Plaintiffs and dismiss the claims of the remaining Plaintiff. The motion is GRANTED.

## BACKGROUND

        The following facts are taken from Plaintiffs' complaint as well as extrinsic documents the Court may consider in ruling on this motion. Plaintiffs are 119[1] current and former homeowners hailing from 29 states and Defendants are seven[2] mortgage

---

[1] There were initially 129 Plaintiffs, but ten voluntarily dismissed their claims. In addition, there are 100 Roe Plaintiffs.
[2] Plaintiffs initially sued eleven mortgage originators and servicers, but four of the Defendants have since been dismissed.

originators and servicers hailing from seven states. Each Plaintiff (or pair of Plaintiffs, for husband-wife Plaintiffs) took out an independent mortgage from one of the Defendants, and each of these mortgages was serviced "from months to several years prior to the commencement of this action" by one of the Defendants.

Plaintiffs challenge a number of Defendants' lending and servicing practices, beginning with the origination of Plaintiffs' mortgages. Plaintiffs allege that Defendants engaged in "deceptive and predatory lending practices" by misrepresenting the risks of Plaintiffs' mortgages. These misrepresentations include statements that the housing market was stable and exaggerations of the expected increase in housing prices; failures to meaningfully discuss the "individual implications" of their loans' terms, such as the risks of interest-only payments or adjustable interest rates; and failing to disclose that Plaintiffs' mortgages would serve as collateral for mortgage-backed securities, in effect attenuating or eliminating Defendants' interest in avoiding foreclosure on Plaintiffs' homes.

Each Plaintiff at some point began to fall behind on his or her mortgage payments and thus requested a loan-modification agreement from one of the Defendants. Defendants participate in the Home Affordable Modification Program ("HAMP"), pursuant to which they receive funding from the Treasury Department and in exchange are obligated to modify the mortgage terms of eligible mortgagors. According to Plaintiffs, Defendants operated "fraudulent loan modification program[s]" by offering illusory opportunities for modification. Defendants did not respond to some Plaintiffs' requests for modification. For those Plaintiffs to whom Defendants did respond, the Defendants told Plaintiffs that permanent modification was available if Plaintiffs submitted necessary documentation and completed a trial modification

period. But despite fulfilling these requirements, Defendants either did not offer permanent modification on the pretext that Plaintiffs did not meet all of the requirements or offered permanent modification with terms so unfavorable that Plaintiffs could not comply with even the modified terms. Some Plaintiffs' homes were later sold in foreclosure.

Each Plaintiff later requested information about the servicing of his or her loan from one of the Defendants, pursuant to RESPA, but Defendants did not respond "in a meaningful way" or "attempt in any way to resolve the issues" the Plaintiffs complained of.

Plaintiffs filed suit in this Court on April 17, 2013. Defendants filed a motion to dismiss on August 26, 2013. Plaintiffs filed an amended complaint on September 30, 2013. Defendants filed a motion to dismiss the amended complaint on October 11, 2013. Plaintiffs filed a response in opposition to the motion on December 2, 2013. Defendants filed a reply in support of their motion on January 21, 2014.

## DISCUSSION

### I. Subject-Matter Jurisdiction

Plaintiffs incorrectly claim that this Court has diversity jurisdiction. See 28 U.S.C. § 1332(a). Diversity jurisdiction, however, requires complete diversity. Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). The parties here are not completely diverse because many Plaintiffs and Defendants are citizens of the same state. For example, Defendant Bayview Loan Servicing is a citizen of Florida, as are Plaintiffs Harry Evans, Tommy and Linda Hall, William Schauer, Victoria Sheaf, Sonja Shearer, Ronald and Karol Schwarby, and William Nice. But this Court nonetheless has jurisdiction over at least some of Plaintiffs' claims on the basis of federal-question jurisdiction, see 28

U.S.C. § 1331(a), as Plantiffs' TILA and RESPA claims arise under federal law. The Court accordingly proceeds to address Defendants' motion. See Green v. CitiMortgage, Inc., No. 13 CV 2341, 2013 WL 6712482, at *1 n.2 (E.D.N.Y. Dec. 18, 2013) (concluding that court had federal-question jurisdiction for some claims and proceeding to sever plaintiffs); Traina v. HSBC Mortgage Servs., Inc., No. 13 CV 2336, 2013 WL 6576865, at *1 n.3 (E.D.N.Y. Dec. 12, 2013) (same).

## II. Amended Complaint

A plaintiff may file an amended complaint more than 21 days after service of a motion to dismiss only if they receive leave from the Court or the defendant consents. FED. R. CIV. P. 15(a)(1)(B), (a)(2). Plaintiffs' amended complaint was filed more than a month after Defendants filed their motion. Although Plaintiffs did not seek leave of Court or receive Defendants' explicit consent, Defendants have implicitly consented by filing a new motion responding to the amended complaint. 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1490 (3d ed. 2010) ("[C]onsent may be implied from an act of the party indicating an acquiescence in the amendment, especially if that act is evidenced by a writing."). The amended complaint thus survives.

## III. Motion to Sever

### A. Legal Standard

Multiple plaintiffs may be joined in one action if their claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all plaintiffs." FED. R. CIV. P. 20(a)(1). In other words, plaintiffs may be joined in one action if "'the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit.'" Peterson v. Regina, 935 F. Supp. 2d 628, 637

(S.D.N.Y. 2013). It is plaintiffs' burden to demonstrate that joinder is proper. Liu v. Selective Ins. Co. of Am., No. 13-CV-5997, 2013 WL 6537176, at *2 (E.D.N.Y. Dec. 13, 2013); Kalie v. Bank of Am. Corp., No. 12 Civ. 9192, 2013 WL 4044951, at *5 (S.D.N.Y. Aug. 9, 2013). If joinder is improper, the Court may sever the misjoined parties. FED. R. CIV. P. 21; State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082–83 (2d Cir. 1988); Abraham v. Am. Home Mortg. Servicing, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013).

**B. Analysis**

Plaintiffs argue that joinder is proper because their claims are rooted in "established, corporate-level arrangements, which are not at all dependent upon the particular language of any Plaintiffs' [sic] mortgage, or the circumstances in which their loan origination arose." This is an interesting procession of words culminating in a sentence of uncertain meaning, glaringly absent from which are "logically connected" essential facts prerequisite to their claim for joinder. Even a cursory examination of the amended complaint compels the conclusion that the facts underlying the claims of each Plaintiff are not common to, or "logically connected," to the claims of every other Plaintiff. Nor is the alleged grievance against each Defendant so uniformly and legally egregious that judicial economy and fairness would counsel that all their claims be resolved en masse. A reading of their amended complaint counsels exactly the opposite. Accordingly, the Defendants' motion to sever all Plaintiffs from the first-named Plaintiff, Marian Martin, is granted.

This conclusion is in accord with this Court's recent holdings, in three cases remarkably similar[3] to this one, that large groups of plaintiffs had been misjoined. In D'Angelis v. Bank of America, over 100 plaintiffs from 28 states sued eight mortgage providers for "'deceptive and predatory lending practices'" and operating a "'fraudulent loan modification program.'" No. 13-CV-5472, 2014 WL 202567, at *1 (E.D.N.Y. Jan. 16, 2014). Judge Seybert concluded that the plaintiffs were misjoined because the "over 100 discrete loans secured at different times for separate properties across 28 different states" were not "sufficiently related to constitute a 'series of transactions or occurrences' within the meaning of Rule 20(a)(1)." Id. at *2. In Green v. CitiMortgage, Inc., 26 plaintiffs from 15 states sued eight mortgage providers for, again, "'deceptive and predatory lending practices'" and operating a "'fraudulent loan modification program.'" 2013 WL 6712482 at *3. Judge Feuerstein concluded, after discussing the factual disparities between plaintiffs' claims, that "the discrete loan transactions upon which plaintiffs claim a right to relief do not relate to, or arise out of, the 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1)." Id. at *5. And in Traina v. HSBC Mortgage Servs., Inc., 15 plaintiffs from 10

---

[3] This similarity is not a coincidence. In all four of these cases, the plaintiffs are represented by the same attorneys. Moreover, these attorneys have filed several other similar multi-plaintiff cases in this district. Manginelli v. Homeward Residential, Inc., No. 13-cv-2334 (E.D.N.Y. Dec. 9, 2013) (dismissed for lack of subject-matter jurisdiction); Nabedrik v. Emigrant Mortgage Co., No. 13-cv-2351 (E.D.N.Y. Oct. 30, 2013) (plaintiffs voluntarily dismissed their claims without prejudice); Kelly v. American Home Mortgage Holdings, Inc., No. 12-cv-6240 (E.D.N.Y. March 21, 2013) (plaintiffs voluntarily dismissed their claims without prejudice); Kilgore v. Ocwen Loan Servicing, LLC, No. 13-cv-5473 (E.D.N.Y.) (a pre-motion conference regarding a forthcoming motion to sever and dismiss is scheduled for March 12, 2014); Cunniff v. Wells Fargo Bank, NA, No. 13-cv-5471 (E.D.N.Y.) (defendant's deadline to answer currently set for April 3, 2014); Brockwell v. JP Morgan Chase Bank, NA, No. 13-cv-5470 (E.D.N.Y.) (defendants' deadline to answer currently set for April 4, 2014); Rivera v. JP Morgan Chase Bank, NA, No. 13-cv-2352 (E.D.N.Y.) (claims by all but one plaintiff withdrawn); Brito v. FNF Servicing, Inc., No. 13-cv-2347 (E.D.N.Y.) (defendants plan to file a motion to dismiss shortly); Yanes v. Ocwen Loan Servicing, LLC, No. 13-cv-2343 (E.D.N.Y.) (motion to sever and dismiss currently pending); Norman v. Wells Fargo Bank, NA, No. 13-cv-2342 (E.D.N.Y.) (motion to sever currently pending); Lewis v. OneWest Bank, FSB, No. 13-cv-2340 (E.D.N.Y.) (motion to sever and dismiss currently pending); McQuoid v. Nationstar Mortgage, LLC, No. 13-cv-2338 (E.D.N.Y.) (motion to sever and dismiss currently pending); Arroyo v. PHHH Mortgage Corp., No. 13-cv-2335 (E.D.N.Y.) (motion to sever and dismiss currently pending).

states sued HSBC for, once more, "'deceptive and predatory lending practices'" and operating a "'fraudulent loan modification program.'" 2013 WL 6576856 at *3–4. Judge Feuerstein again held that plaintiffs' discrete loan transactions "do not relate to, or arise out of, the 'same transaction, occurrence, or series of transactions or occurrences.'" Id. at *6.

## IV. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This court must accept as true all of the allegations made in the complaint and draw all reasonable inferences in the plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).

### B. Analysis

Although there are a great number of general allegations in the amended complaint, there are few allegations specific to Martin, the only remaining Plaintiff. Martin alleges that she owns a home on State Island that was financed through a mortgage originated and serviced by Bank of America. As for Bank of America's purported wrongdoing, she says only, "Plaintiff Martin applied for loan modification from Defendant Bank of America multiple times, including on or about September 2012, and submitted a QWR [qualified written request] to Defendant Bank of America on or

7

about July 2012. Plaintiff Martin alleges wrongdoing by Defendant Bank of America as detailed throughout this complaint."

These allegations do not state a claim for relief under any of Martin's ten claims because they do not identify any specific wrongdoing as to her by Bank of America. And Martin's reference to the wrongdoing "detailed throughout this complaint" does not cure this defect because it is unclear which of many allegations Martin refers to.

This Court, however, will allow Martin to file a second amended complaint that is tailored specifically to her claims. See Kalie, 2013 WL 4044951 at *8 ("[T]he Court is mindful that, as formulated, the Amended Complaint attempts to encompass the claims of 52 plaintiffs . . . . Accordingly, it is appropriate to give Kalie an additional opportunity to amend the Amended Complaint to reflect the facts of her individual claims."). Martin's claims are accordingly dismissed without prejudice to the filing of a second amended complaint within 30 days.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to sever and dismiss is GRANTED. The claims of the Plaintiffs other than Martin are dismissed without prejudice to filing separate actions. Martin's claims are dismissed without prejudice to filing a second amended complaint in this action.

SO ORDERED.

Dated: Brooklyn, New York
March 12, 2014

/s/
I. Leo Glasser
Senior United States District Judge